UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>J. LEWIS, et al.,<br><br>　　　　Defendants. | Case No.: 1:17-cv-00570-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS BE DENIED<br><br>[ECF No. 3] |

**I.**

**INTRODUCTION**

On April 24, 2017, Plaintiff John Williams, a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, along with a motion to proceed in forma pauperis, 28 U.S.C. § 1915(a). (ECF Nos. 1 and 2.) However, Plaintiff is subject to section 1915(g) of the statute, and he may only proceed in forma pauperis if he has met the imminent danger exception. 28 U.S.C. § 1915(g); Andrews v. Cervantes, 493 F.3d 1047, 1051-1052 (9th Cir. 2007).

**II.**

**LEGAL STANDARD**

The Prison Litigation Reform Act of 1995 (PLRA) was enacted "to curb frivolous prisoner complaints and appeals." Silva v. Di Vittorio, 658 F.3d 1090, 1099-1100 (9th Cir. 2011). Pursuant to the PLRA, the in forma pauperis statue was amended to include section 1915(g), a non-merits related

1

screening device which precludes prisoners with three or more "strikes" from proceeding in forma pauperis unless they are under imminent danger of serious physical injury. Andrews, 493 F.3d at 1050. The statute provides that "[i]n no event shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

### III.
### DISCUSSION

Plaintiff has suffered three or more strikes under section 1915(g). The Court takes judicial notice of the following cases: Williams v. Narramore, No. CV 03-1972 UA-AJW (C.D. Cal. July 25, 2003) (civil rights action dismissed for failure to state a claim upon which relief may be granted); (2) Williams v. Bonzer, No. CV 04-8941 UA-AJW (C.D. Cal. Nov. 22, 2004) (same); (3) Williams v. Hubbard, et al., No. CV 10-1717 UA-FFM (C.D. Cal. July 6, 2010) (same); (4) Williams v. Young, No. 2:08-cv-1737 FCD-CMK-P (E.D. Cal. July 29, 2010 (same); and (5) Williams v. Harrington, et.al., No. 1:09-cv-01823 GSA-PC (E.D. Cal. May 25, 2012) (same).

The issue now becomes whether Plaintiff has met the imminent danger exception, which requires Plaintiff to show that he is under (1) imminent danger of (2) serious physical injury and which turns on the conditions he faced at the time he filed suit on March 3, 2016. Andrews, 493 F.3d at 1053-1056. Conditions which posed imminent danger to Plaintiff at some earlier time are immaterial, as are any subsequent conditions. Id. at 1053. While the injury is merely procedural rather than a merits-based review of the claims, the allegations of imminent danger must still be plausible. Id. at 1055.

The Court has reviewed Plaintiff's complaint and finds that Plaintiff does not meet the imminent danger exception. Andrews, 493 F.3d at 1053. Plaintiff contends that in November of 2016, prison officials ordered that money would no longer be used to pay for distilled water for use of the continuous positive airway pressure (CPAP) machine. Plaintiff alleges that he is under imminent danger based on the denial of distilled water that is necessary in order utilize his CPAP machine to

treat his sleep apnea. Plaintiff contends that without usage of the machine Plaintiff is at high risk of dying from lack of breathing, heart attack, stroke, diabetes, high blood pressure and suicide from aggravation of his pre-existing cutting disorder. Plaintiff's allegations fail to demonstrate sufficient "imminent danger of serious physical injury" as Plaintiff is still able to use tap water, and there are insufficient allegations to demonstrate that the failure to receive distilled water results in imminent physical injury. Indeed, there are no allegations in the complaint that Plaintiff has attempted to use tap water with negative results or that the CPAP cannot work without water. Furthermore, Plaintiff's allegation that the lack of use of the machine has led to Plaintiff "displaying more frequent hostile behavior" is not sufficient to meet the imminent danger standard. Accordingly, Plaintiff is ineligible to proceed in forma pauperis in this action.

## IV.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis be denied; and
2. Plaintiff be required to pay the $400.00 filing fee within thirty (30) days of service of the Court's order adopting these Findings and Recommendations.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 2, 2017**

UNITED STATES MAGISTRATE JUDGE

3